Dykman, J.
The third provision of the final judgment in this action required the defendants therein upon the surrender of the certificates described in the preceding paragraph, together with powers of attorney executed in blank, executed by the referee, to the defendant Post, immediately to cancel such certificates and issue new certificates in lieu thereof to the persons and for the numbers therein specified.
The plaintiff’s attorney procured the certificates and powers of attorney, and called with them at the office of the company, of which the defendant Post is the president, and. demanded of him the formal transfer of the stock in obedience to the requirements of the final judgment.
Mr. Post- declined to make the transfer, and then an order was made upon notice at the special term for the punishment of Mr. Post for contempt in failing to obey the command of the judgment, and from that order we have this appeal.
*576 Mr. Post assigns three excuses for his failure to obey the judgment: The absence of proof of the execution of the power of attorney by the referee; his inability to make the transfer of the stock alone without the aid of the other officers of his company; and an appeal to the court of appeals from the final judgment.
The specific objection to the powers of attorney was the want of a certificate of acknowledgment of their execution, but the judgment did not require an acknowledgment of those instruments, and no reason exists for any such requirements. The instruments were official documents and their authenticity and realty was to be assumed. They were neither counterfeits nor forgeries, and there was no such claim made by Mr. Post. He says his objection to the powers of attorney was to their insufficiency for the transfer of the stock. Our conclusion is that his refusal finds no justification, in either objection.
The next objection of Mr. Post was his inability to make the transfers alone, without the co-operation of the other officers of his company, but the trouble with this excuse is, that he declined to act, and it nowhere appears that his associates, or either of the other defendants, refused to cooperate with the president in obeying the judgment. He certainly made no effort to secure their co-operation, and he was called upon for action. He could not decline and make no effort to perform the requirements of the judgment. He could, at least, manifest a readiness to do his duty and obey the judgment, as far as his action was concerned. So we find that excuse also insufficient.
Mr._ Post also relies upon a statutory stay of all proceedings in the action, which he claims was effected by his appeal to the court of appeals. This rebanee is founded upon section 1328 of the Code of Civil Procedure, but that section plainly declares that an appeal from a judgment like this, does not stay the execution of the judgment until the thing directed to be assigned or delivered is brought into court or placed in the custody of an officer or receiver designated by the court, or a written undertaking be given.
Our conclusion is that the sections of the Code invoked by the appellant, do not apply to this case, and do not operate as a statutory stay of the execution of the judgment.
It follows from this examination and these conclusions that the appellant was without justification for his refusal to comply with the requirements of the judgment, and has rendered himself amenable to punishment for contempt for such refusal and failure.
The order appealed from should be affirmed with ten dollars costs and disbursements.
Pratt, J., concurs. Barnard, P. J., not sitting.
*577 Pratt, J.
We have already decided that the appeal herein does not work a statutory stay.
That decision determines adversely to appellant his principal contention, viz.: that the pendency of the appeal justifies him in disregarding the mandate of the court.
We have carefully examined the other points he makes, and, in our opinion, they cannot be sustained. That an attorney is actuated solely by a desire to do his duty by his client, would not, in our opinion, furnish any justification to the court in declining to enforce its orders.
The court must be solely guided by its own sense of duty. And if we are correct in holding that plaintiffs are entitled to an enforcement of the judgment, notwithstanding the appeal, it would be a grave error on our part not to sustain the order made at special term.
Order affirmed with costs.